IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW L. GAINES,

     Plaintiff,                     No. CIV S-10-0313 GGH P

   vs.

MATTHEW CATE, et al.,

     Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 1.78 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: CDCR[1] Secretary Matthew Cate; DVI[2] Chief Medical Officer (CMO) Michael Fox; another defendant also identified as DVI's CMO, R. Mott; and DVI physician, Dr. Paligumi. Complaint, p. 2. In overbroad and conclusory terms, plaintiff alleges that each of these defendants have acted with deliberate indifference to his serious medical needs. Id., at 3. Plaintiff claims that defendant Cate is directly responsible for the other defendants. Id. Plaintiff claims that defendant "Fox is responsible for issuing interim directives to not issue pain medications." Id. Defendant Mott is also directly responsible for issuing directives not to prescribe pain medications and defendant Paligumi has failed to prescribe pain medication that plaintiff needs. Id. Plaintiff seeks both money damages and injunctive relief. Id.

Plaintiff fails to adequately set forth the factual predicate of his claim. Rule 8 of the Federal Rules of Civil Procedures requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). However, these overbroad claims fail to do that. Plaintiff must provide a more specific factual context to his claims; that is, plaintiff must provide some description of the medical condition or conditions which he claims to be a serious condition from which he suffers and must be more specific as to when defendants denied him pain relief and what form of pain relief he sought.

---

[1] California Department of Corrections and Rehabilitation.

[2] Deuel Vocational Institution.

1 Nor is it enough simply to attach a number of exhibits to his complaint expecting the court to
2 ferret through them to fashion plaintiff's claims for him; he must set forth his claims with
3 adequate specificity within the allegations that form the body of his complaint.

4       In order to state a § 1983 claim for violation of the Eighth Amendment based on
5 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
6 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.
7 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively
8 serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter,
9 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.
10 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference."
11 Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

12       A serious medical need exists if the failure to treat a prisoner's condition could
13 result in further significant injury or the unnecessary and wanton infliction of pain. Indications
14 that a prisoner has a serious need for medical treatment are the following: the existence of an
15 injury that a reasonable doctor or patient would find important and worthy of comment or
16 treatment; the presence of a medical condition that significantly affects an individual's daily
17 activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900
18 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
19 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
20 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

21       In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
22 defined a very strict standard which a plaintiff must meet in order to establish "deliberate
23 indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.
24 However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
25 which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979.
26 Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

1  should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

2  It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837, 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff's complaint will be dismissed but plaintiff will be granted leave to amend.

In addition, to the extent he seeks money damages, plaintiff's claims against defendant Cate are also not colorable because he fails to link this defendant to any conduct depriving plaintiff of his constitutional rights.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 1.78. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: March 18, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gain0313.b